[Cite as *State v. Nixon*, 2022-Ohio-2930.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-P-0038** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DAVID A. NIXON, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00534 |

# **M E M O R A N D U M**
# **O P I N I O N**

Decided: August 22, 2022
Judgment: Appeal dismissed

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David A. Nixon,* pro se, Portage County Justice Center, 8240 Infirmary Road, Ravenna, OH 44266 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} On July 15, 2022, appellant, David A. Nixon, pro se, filed a notice of appeal from a July 1, 2022 judgment entry of the Portage County Court of Common Pleas.

{¶2} The trial court granted appellee, state of Ohio's, pretrial motion and ordered that appellant shall submit to the taking of oral swabs. The court indicated that "[s]aid oral swabs samples are needed for comparison testing being performed by the Ohio Bureau of Criminal Identification."

{¶3}    Appellee moved this court to dismiss the appeal for lack of jurisdiction on August 4, 2022.

{¶4}    R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶5}    "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6}    "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7}    "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8}    "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9}    "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10}    "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶11}    "(5) An order that determines that an action may or may not be maintained as a class action;

{¶12}    * * *."

{¶13}    In regard to criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must

2

be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964).

{¶14} As indicated in appellee's motion to dismiss, the appealed judgment does not conform to any of the criteria in R.C. 2505.02 for being a final appealable order. Appellant has not been convicted or sentenced in this matter. Further, to qualify as a provisional remedy, the court's order would have to prevent appellant from having a meaningful or effective remedy following sentencing. In this case, appellant can challenge the trial court's July 1, 2022 entry at the conclusion of the criminal case in an appeal from his conviction and sentence.

{¶15} Accordingly, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of jurisdiction.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

3